UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DCSTAR INC., <br><br> PLAINTIFF, <br><br> V. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> DEFENDANTS. | CASE NO.: 23-CV-03351 <br><br> JUDGE REBECCA R. PALLMEYER <br><br> MAGISTRATE JUDGE MARIA VALDEZ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, DCSTAR INC., ("DCSTAR" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

# MEMORANDUM OF LAW

## I.  INTRODUCTION

Plaintiff, DCSTAR INC., brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for patent infringement under 35 U.S.C. § 1, et seq. As alleged in DCSTAR's Complaint [Docket No. 7], the Defendants are promoting, advertising, distributing, offering for sale, and selling products, using counterfeit and infringing versions of DCSTAR's U.S. Patent No. 11478575 (the "DCSTAR Patent") (referred to herein as the "Counterfeit DCSTAR Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on Schedule A to the Complaint (collectively, the "Defendant Internet Stores" or "Seller Aliases").

## II.  STATEMENT OF FACTS

On June 5, 2023, this Court granted DCSTAR INC.'s *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [16]. The TRO authorized DCSTAR to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and/or by sending an email to the email addresses provided for Defendants by third parties that includes a link to said website. [16] at ¶ 7. This Court granted DCSTAR's *Ex Parte* Motion to Extend the Temporary Restraining Order until July 3, 2023. [19]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. See Declaration of Ann Marie Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

DCSTAR respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit DCSTAR Products during the pendency of this litigation. As part of the Preliminary Injunction, DCSTAR requests that Defendants' financial accounts remain

frozen until completion of these proceedings.

## III. ARGUMENT

### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

DCSTAR respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Decker's Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

#### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

#### ii. The Equitable Relief Sought Remains Appropriate

The United States Patent Act authorizes courts to issue injunctive relief: "injunctive relief may be granted against an infringer to prevent the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States . . ." 35 U.S.C. § 271(4)(b).

3

DCSTAR requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms and payment processors such as eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), ContextLogic, Inc. ("Wish"), Amazon Payments, Inc. ("Amazon"), Walmart, Inc. ("Walmart"), Temu, and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), have provided DCSTAR with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit DCSTAR Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

In addition, and as established in DCSTAR's TRO Memorandum [11], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV.  CONCLUSION

In view of the foregoing, DCSTAR respectfully requests that this Court enter the preliminary injunction against the Defendants identified on Schedule A.

Dated: June 28, 2023	Respectfully submitted,

*/s/ Alison K. Carter*
Ann Marie Sullivan
Alison K. Carter

**SULLIVAN & CARTER, LLP**
2743 N. Ridgeway Ave.
Chicago, Illinois 60647
Telephone: 929-724-7529
E-mail: a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 28, 2023 a true and correct copy of the above and foregoing document was: electronically filed, with the Clerk of the Court using the CM/ECF system; electronically published on a website accessible by the Defendants; and emailed to all email addresses identified or provided for Defendants by the Defendants or third-parties, which includes a link to said website.

*/s/ Alison K. Carter*
Alison K. Carter